UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 2:03-cr-00293 |
| ALVIN MINGO | SECTION: T |

## ORDER and REASONS

Before the Court is Defendant Alvin Mingo's Motion for Reduction of Sentence Pursuant to Section 404 of the First Step Act of 2018. *See* R. Docs. 34 (*pro se* motion) and 44 (counseled brief).[1] Counsel has also filed supplemental memoranda in support of Defendant's Motion for Reduction of Sentence. R. Docs. 47 and 48. The Government filed a response. R. Doc. 50. For the reasons set forth below, the Court will GRANT Defendant's Motion for Reduction of Sentence Pursuant to Section 404 of the First Step Act of 2018 and reduce Defendant's revocation sentence imposed on April 8, 2011, R. Doc. 33, from 36 months to 12 months.

PROCEDURAL HISTORY

In 2004, Defendant pleaded guilty in this case to possession with intent to distribute at least

---

[1] Defendant's original *pro se* motion sought to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines. R. Doc. 34. In its response, the Government asserted the Court should deny § 3582(c)(2) relief because Defendant had completed his original term of imprisonment in this case. R. Doc. 39. However, the Government advised the Court that it should construe Defendant's motion as also requesting a reduction of his sentence resulting from the revocation of his supervised release under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404; 132 Stat. 5194, 5222 (2018), find that Defendant is eligible for consideration of a reduction to his revocation sentence, and appoint counsel to address that request. R. Doc. 39. The Court agreed, and appointed counsel. R. Doc. 41. Counsel subsequently filed a supplemental brief in support of the Motion for Reduction of Sentence. R. Doc. 44.

1

5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2003). *See* R. Docs. 1, 13. He was sentenced to serve 57 months of imprisonment and 5 years of supervised release.[2] *See* R. Doc. 15. Defendant completed this sentence and began his term of supervised release in September 2007. *See* R. Doc. 18.

While on supervision, Defendant committed other federal offenses in 2010. *See United States v. Mingo*, No. 10-CR-222 (E.D. La.) (Africk, J.).[3] As a result of those offenses and subsequent convictions, Judge Engelhardt revoked Defendant's supervised release in this case and sentenced him to the then-applicable statutory maximum of 36 months. *See* R. Doc. 33, pp. 3–4. United States District Judge Lance Africk later sentenced Defendant in the 2010 case to 216 months to run consecutively to the revocation sentence.[4] *See* 10-CR-222 R. Doc. 537, p. 2.

Defendant is projected for release from the Bureau of Prisons on August 3, 2028. *See* www.bop.gov/inmateloc (last visited June 5, 2024).

---

[2] The Honorable Kurt D. Engelhardt presided over this case until his confirmation to the United States Court of Appeals for the Fifth Circuit. The case was allotted to this Court in July 2022. R. Doc. 35.

[3] Defendant was convicted in the 2010 Case of conspiring with others to possess with intent to distribute at least 50 grams of cocaine base and at least 500 grams of cocaine hydrochloride (Count 1). *See* 2010 Case, ECF Nos. 314 (rearraignment minute entry) and 233 (superseding indictment). He was also convicted of three offenses arising from his possession of cocaine hydrochloride and a firearm on April 23, 2010 (Counts 25-27). *See id.* The remaining convictions were for violations of 21 U.S.C. § 843(b), based on his use of a telephone to facilitate the drug conspiracy (Counts 12, 16, 17, 18, 19, 21). *See id.*

[4] Defendant was sentenced to 216 months of imprisonment, which consisted of 156 months for the drug conspiracy and a mandatory, consecutive 60-month term for his violation of 18 U.S.C. § 924(c). *See* 2010 Case, ECF No. 537, at 2. The court also ordered the sentence run consecutively to the revocation sentence in the instant case, resulting in an aggregate sentence of 252 months (i.e., 21 years). *Id.* Additionally, the court imposed an 8-year term of supervision to follow Defendant's release from prison. *Id.* at 3.

DISCUSSION

The Government and Defendant agree, and the Court so finds, that he is eligible for a potential reduction of his three-year revocation sentence imposed in this case under Section 404 of the First Step Act of 2018.[5] *See* R. Doc. 39, pp. 4–7; R. Doc. 44, p. 1; *see also* R. Doc. 33, pp. 1–4. Defendant's original offense in this case for possessing with intent to distribute at least 5 grams of crack carried a maximum of 40 years of imprisonment, *see* 21 U.S.C. § 841(b)(1)(B) (2004), and was a Class B felony. *See* 18 U.S.C. § 3559(a)(2). As a result, the maximum sentence allowed for his revocation of supervised release was three (3) years. *See* 18 U.S.C. § 3583(e)(3). After Section 404's application, however, Defendant's original offense involving less than 28 grams of crack carries a maximum sentence of twenty (20) years, *see* 21 U.S.C. § 841(b)(1)(C), and is a Class C felony, *see* 18 U.S.C. § 3559(a)(3), for which the maximum revocation sentence is two (2) years. 18 U.S.C. § 3583(e)(3). Defendant's present revocation sentence of three years, therefore, exceeds the statutory maximum that now applies to him. Accordingly, the Court finds that Defendant is eligible for a potential reduction under Section 404, and the Court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *See* First Step Act § 404(b).

However, the extent of a reduction, if any, is discretionary. *See* First Step Act § 404(c); *see also United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019). In making its decision, the Court must consider the statutory sentencing range, the applicable sentencing guideline range, the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing

---

[5] In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018).

3

conduct. *See United States v. Bowman*, No. 5:18-CR-00089, 2020 WL 5496092, at *3 (W.D. La. Sept. 11, 2020) (citations omitted). The Court may consider intervening changes of law and fact, including post-sentencing rehabilitation. *Concepcion v. United States*, 142 S. Ct. 2389 (2022). In addition, the Court may consider post-offense conduct, either positive or negative, in assessing whether to adjust Defendant's previously imposed sentence. *See Pepper v. United States*, 562 U.S. 476, 490-93 (2011) (addressing resentencing after vacatur by appellate court). Nevertheless, the First Step Act does not mandate plenary resentencing hearings, and defendant has not requested one here. *See United States v. Alexander*, 2023 WL 2346334, at *1 (5th Cir. Mar. 3, 2023) (defendant's theory that *Concepcion* called for plenary sentencing hearing was unavailing) (citing *Jackson*, 945 F.3d at 321), *cert. denied*, 144 S.Ct. 153 (2023).

Defendant argues for a sentence of zero months, which is less than the guidelines range of 12 to 18 months, and the maximum two years. He is in his mid-40s and has been incarcerated since 2010, mostly in the Federal Bureau of Prisons. During that time, he says, he has completed nearly 500 hours of rehabilitative coursework, including over 200 hours in a vocational training program for major appliance repair through Lamar State College. He also completed courses on Employment Skills and Employment Opportunities through the BOP's Release Preparation Program. While he initially was incarcerated in a medium security facility, he was later transferred to a low security facility within a few years of his arrival, and he has remained in low security facilities since that time.

In addition to completing rehabilitative coursework, Defendant has maintained employment during his incarceration, including work as an orderly. Since December 2022, he has worked at the FCI Oakdale complex in food distribution and obtained a driver's license permitting

4

him to operate a forklift. He also worked for UNICOR, whose positions are highly competitive and whose mission is "to protect society and reduce crime by preparing inmates for successful reentry through job training." He has been successful in other pursuits, including writing and publishing two novels, securing a U.S. Copyright for one. Defendant's publisher stated to counsel that he is kind, very respectful, and someone who is striving to do better. Defendant stresses his young age at the time of his arrest for the recent offenses, just 30 years old, and points to lower recidivism rates for younger offenders as they age, based on brain development. Defendant maintains he will have a place to live and employment when he is released.

The Government in its response states it does not oppose a reduction of Defendant's revocation sentence to a term within his advisory guideline range of 12 to 18 months.[6] R. Doc. 50. Nonetheless, the Government notes that Defendant's supervised release was not revoked for technical violations; instead, less than three years after being released from federal custody, he became part of a drug trafficking conspiracy for which he was held responsible for 2.3 kilograms of powder cocaine and 56 grams of crack. Also, while Defendant was incarcerated after being revoked in this case and before being sentenced by Judge Africk in the 2010 Case, he was found to have possessed a shank. The Government characterizes Defendant's post-conviction conduct as "mixed." Although he has completed numerous educational courses and been assigned a minimum custody level by the Bureau of Prisons, the Government points out that he has had several disciplinary violations while in prison, though only as recently as 2018. R. Doc. 50 (citing R. Doc.

---

[6] As the Government points out, Defendant's supervised release was revoked after he committed Grade A violations of his supervised release. *See* R. Doc. 33, p. 2.4 His criminal history category is I. *See* R. Doc. 33, p. 3. His underlying criminal offense is now a Class C felony. *See* 18 U.S.C. § 3559(a)(3). Accordingly, Defendant's current advisory guideline range is 12 to 18 months. *See* U.S.S.G. § 7B1.4(a).

5

50-1,pp. 4–5; R. Doc. 45-3, p. 4).

The Court notes that the original sentencing judge in this matter was specifically concerned by "the fact that [Defendant] was on supervised release for possession with intent to distribute cocaine base when he committed, was [indicted] for, and pleaded guilty to new drug and firearm charges." R. Doc. 33, p. 4.

IMPOSITION OF SENTENCE

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, Defendant's breach of trust in violating the terms of supervision, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's revocation sentence is warranted here. The Court will reduce Defendant Alvin Mingo's revocation sentence to 12 months of imprisonment. Accordingly,

**IT IS ORDERED** that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act (R. Doc. 34) is GRANTED, and the Court will issue an amended judgment reducing Defendant's revocation sentence to 12 months, to be served consecutively to his sentence in Case No. 10-cr-222 (E.D. La.).

New Orleans, Louisiana, this 4th day of April 2025.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE